UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EZEKIEL I. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00093-JPH-MKK |
| | ) |
| MARION COUNTY SHERIFF'S OFFICE, | ) |
| TRIVETT Sgt., | ) |
| P. SINGH, | ) |
| UNKNOWN OFFICER, | ) |
| UNKNOWN OFFICER (2), | ) |
| UNKNOWN OFFICER (3), | ) |
| | ) |
| Defendants. | ) |

**ORDER DIRECTING PLAINTIFF'S CUSTODIAN TO FORWARD CERTIFIED COPY OF PLAINTIFF'S SIX-MONTH TRUST ACCOUNT STATEMENT**

This matter comes before the Court on Plaintiff Ezekiel Taylor's motion for court assistance. Dkt. 9. Plaintiff is incarcerated at the Marion County Jail. The Court notified Mr. Taylor that he must either pay the $405.00 filing fee in this matter or file a motion to proceed *in forma pauperis* and include a copy of the transactions associated with his institution trust account for the six-month period preceding the filing of this action. Dkt. 5. Mr. Taylor thereafter filed his motion for court assistance, stating that he is being denied a copy of his trust account transactions history. Dkt. 9.

When faced with a similar situation, the Seventh Circuit held that the district court should evaluate the veracity or significance of the plaintiff's statement that prison officials refuse to provide the required document and order the prison to provide the trust account statement. *Bell v. Kay*, 847 F.3d

1

866, 867 (7th Cir. 2017) (vacating dismissal of prisoner's case due to the district court's failure to assess the truthfulness of plaintiff's assertion that prison officials refused to provide the account ledger to him and the district court's failure to order prison officials to provide the ledger); *Goodwill v. Hoffman*, 2019 U.S. Dist. LEXIS 8442 (E.D. Wis. Jan. 17, 2019) (ordering non-party detention center to forward certified copy of plaintiff's six-month trust account statement).

The Court has no reason to doubt the veracity of Mr. Taylor's statements. The Court further finds that providing Mr. Taylor with additional time to continue to request a copy of his trust account statement would be fruitless. His motion, dkt. [9], is **granted**.

Accordingly, the Court hereby **ORDERS Sheriff Kerry Forestal or his designee at the Marion County Jail** to provide the Court with a certified copy of Mr. Taylor's trust account statement for the six-month period preceding the filing of this action on January 15, 2025, and to do so **no later than March 10, 2025.** The trust account statement should be submitted to the Clerk of the Court and should reference case number No. 1:25-cv-00093-JPH-MKK.

Additionally, Mr. Taylor states that he needs a blank copy of the *in forma pauperis* form in order to properly file his motion. Dkt. 7. The Court already provided a blank form to Mr. Taylor on January 17, 2025. *See* dkt. 5. The **clerk is directed** to include a copy of the *in forma pauperis* form with Mr. Taylor's

copy of this Order.

**SO ORDERED.**

Date: 2/11/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

EZEKIEL I. TAYLOR
653707, 2426347
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203

Sheriff Kerry Forestal or his designee – STAFF
Marion County Jail
695 Justice Way
Indianapolis, IN 46203